THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:20-CT-03223-D

| | | |
|---|---|---|
| SHAWN GERMANE FRALEY,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN TANA HILL-DILLARD and SGT. TERRANCE T. DANCE,<br><br>Defendants. | ) | **PRETRIAL ORDER** |

On July 31, 2023, Defendants submitted a proposed Pretrial Order. Defense counsel did not confer with the *pro se* Plaintiff before submitting the proposed Pretrial Order.

The Court adopts the proposed Pretrial Order.

1. Stipulations: None

2. Defense contentions

   a. All parties are properly before the Court.

   b. The Court has jurisdiction over the parties and subject matter.

   c. All parties have been correctly designated.

   d. There is no question as to misjoinder or nonjoinder of parties.

   e. Relevant and Material Facts

      i. On March 26, 2020, at approximately 1:05 p.m., when Plaintiff was going into the holding cell, he pushed the door back on Sgt. Dance, hitting Sgt. Dance with the door. This was considered an assault.

      ii. Sgt. Dance proceeded inside the holding cell in an attempt to restrain Plaintiff and take Plaintiff to the floor. Sgt. Dance struck Plaintiff

several times on his right side using the palm of his hand in an attempt to gain control of the offender.

iii. Multiple other officers responded to help gain control of Plaintiff. Plaintiff was acting aggressively and was trying to further assault staff.

iv. Cpt. Hill-Dillard deployed her taser three separate times so staff could gain control of Plaintiff.

v. This unanticipated use of force was reported and investigated, per policy. The investigation determined that Plaintiff was "refusing to submit to restraints and staff used hands on force for compliance to no avail which resulted in a Taser deployment due to the offenders actively aggressive behavior. It appears staff followed DPS policy."

f. Legal Issues:

i. While acting under color of state law, did Defendant Hill-Dillard subject Plaintiff to excessive force on March 26, 2020? If yes, what (if any) damages did Plaintiff suffer?

ii. While acting under color of state law, did Defendant Dance subject Plaintiff to excessive force on March 26, 2020? If yes, what (if any) damages did Plaintiff suffer?

iii. Is Plaintiff entitled to punitive damages?

3. Defense Exhibits

i. Ex 1 – NCDPS Policy & Procedures, Chapter F, Section .1500, issue date 08/30/2018

ii. Ex 2 – Pasquotank Correctional Standard Operating Procedure, Chapter II, Section .0400, issue date 01/31/2019

iii. Ex 3 – Incident Report, including witness statements, dated 03/26/2020

iv. Ex 4 – Offense and Disciplinary Report, dated 03/26/2020

4. Designation of Pleadings and Discovery Materials – Defendants reserve the right to use portions of Plaintiff's Complaint as well as his other filings.

5. Defense Witnesses

| Name | Address | Proposed Testimony |
|---|---|---|
| Tana Hill-Dillard | Contact counsel | Facts surrounding allegations, as well as applicable policies |
| Terrance Dance | Contact counsel | Facts surrounding allegations, as well as applicable policies |
| Carolyn Skinner | Contact counsel | Facts surrounding allegations |
| Taiquan Johnson | Contact counsel | Facts surrounding allegations |
| Leary Casper | Contact counsel | Facts surrounding allegations |
| Olandors Davis | Contact counsel | Facts surrounding allegations |
| Jeffrey Baker | Contact counsel | Facts surrounding allegations |
| William Earle | Contact counsel | Facts surrounding allegations |
| Jerry Bynum | Contact counsel | Facts surrounding allegations |
| Brian Johnson | Contact counsel | Facts surrounding allegations |

6. Trial time estimate: 2days

APPROVED. This 18 day of August, 2023.

J. Dever

JAMES C. DEVER III
United States District Judge